42 F.3d 1384
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jose VENTURA-RAMOS, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 94-1379.
 United States Court of Appeals,
First Circuit.
 Nov. 30, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge ]
 Jose Ventura Ramos on brief pro se.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran and Lawrence D. Gaynor, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before Torruella, Chief Judge, Boudin and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Jose Ventura-Ramos appeals the district court's judgment denying his motion filed pursuant to 28 U.S.C. Sec. 2255. He presses none of the claims raised in the court below. At best, he has reconfigured one of those claims. In the district court, he claimed that he should have received a four level downward adjustment as a minimal participant in the offenses of conviction, U.S.S.G. Sec. 3B1.2(a) (Nov. 1991), and he received ineffective assistance by his trial counsel, who failed to ask for this adjustment. On appeal, he now claims that he should have received a two level downward adjustment as a minor participant, U.S.S.G. Sec. 3B1.2(b) (Nov. 1991), and he received ineffective assistance of counsel, not only from his trial counsel, who failed to ask for this adjustment, but also from his appellate counsel, who failed to raise this issue on his direct appeal. We affirm.
 
 
 2
 We have repeatedly stated that we will not review claims not raised below. See, e.g., United States v. Lilly, 13 F.3d 15, 17-18 (1st Cir. 1994). Even were we to construe Ventura- Ramos' reconfigured claim as having been encompassed within the claim raised below, it avails appellant nothing. He alleges that he was a minor participant in the offenses of conviction based on his claims of mere presence and willingness to allow others to use his apartment to conduct the drug sale. Those claims are refuted by the evidence at trial concerning Ventura-Ramos' role in the offense, recounted in our opinion disposing of appellant's direct appeal, United States v. Ventura-Ramos, No. 92-1434, slip op. at 2-3 (1st Cir. Nov. 13, 1992 (unpublished per curiam), and by the statements of the district court at sentencing and in the course of disposing of the instant Sec. 2255 motion that Ventura-Ramos had a leadership role in the drug distribution conspiracy.
 
 
 3
 No defendant is automatically entitled to a downward adjustment as a minor participant, even if the defendant happens to be less culpable than his or her co-defendants-a claim Ventura-Ramos urges here but, as pointed out in the preceding paragraph, is refuted by the record. See United States v. Brandon, 17 F.3d 409, 460 (1st Cir.), cert. denied, 115 S. Ct. 80, 81 (1994). A district court's determination of a defendant's role in the offense is subject to the clearly erroneous standard. Id. There was no such error here. Further, counsel's failure to raise meritless issues cannot constitute ineffective assistance of counsel. United States v. Victoria, 876 F.2d 1009, 1013 (1st Cir. 1989).
 
 
 4
 Affirmed.